**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 21-cr-30 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jess Robert Bohlman, | |
| Defendant. | |

This matter comes before the Court on Defendant Jess Robert Bohlman's Motion for Continuance of Motion Hearing. (ECF No. 31.) Defendant has also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act. (ECF No. 34.) Defendant requests a continuance of the May 7, 2021 criminal motions hearing as his counsel is unavailable. (ECF No. 31 at 1.) Defendant, noting the scheduling conflict, also stated that he would like his counsel to have "sufficient time to investigate and prepare" for the criminal motions hearing. (ECF No. 34 at 1.) The Government has no objection to the requested continuance. (ECF No. 31 at 1.)

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1]

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

On April 29, 2021, Chief Judge Tunheim entered General Order No. 28, which allows limited in-person proceedings to start on May 3, 2021, for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 28 (D. Minn. Apr. 29, 2021). General Order No. 28 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 28 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2] General Order No. 28 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 28, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and the President publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the Governor of the State of Minnesota declaring a peacetime emergency to

---

[2] *See also* General Order No. 27, which went into effect on March 25, 2021. General Order No. 27 vacated General Order No. 24 and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 27 (D. Minn. Mar. 24, 2021).

coordinate strategy to protect Minnesotans from COVID-19 and the extension of that emergency declaration; (3) the Governor of the State of Minnesota issuing a series of emergency executive orders imposing certain restrictions on Minnesota residents to prevent and respond to COVID-19; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons imposing modified operations; (6) Minnesota continuing to be an area of risk for further COVID-19 spread and concerns about the potential increased transmissibility of emerging strains of the COVID-19 virus; and (7) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, Order No. 28 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

The Court previously inquired whether Defendant consented to conducting the criminal motions hearing using videoconferencing. (ECF No. 19 at 2; *see generally* ECF

No. 14.) Defendant has indicated through counsel that he does not consent to videoconferencing for the criminal motions hearing. (ECF No. 27.)

**For the reasons addressed in General Order No. 28 and the well-documented concerns regarding COVID-19, and consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, the criminal motions hearing scheduled for May 7, 2021 is continued and shall now take place before Magistrate Judge Tony N. Leung on June 9, 2021, at 1:00 p.m., in the Devitt Courtroom of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, ST. PAUL, MN 55101.**

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to allow for the appearance of defense counsel and to give him sufficient time to prepare for the hearing. Additionally, for the reasons addressed in General Order Nos. 27 and 28 and the well-documented concerns regarding COVID-19, the Court specifically finds that the ends of justice served by ordering this continuance outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Continuance of Motion Hearing (ECF No. 31) is

**GRANTED**.

2. The period of time from **May 5 through June 9, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. The criminal motions hearing is continued to **June 9, 2021,** at **1:00 p.m.,** in **the Devitt Courtroom** of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota 55101.

4. **TRIAL:**

   All voir dire questions and jury instructions must be submitted to District Judge Donovan W. Frank on or before **September 3, 2021.**

   This case must commence trial on **September 13, 2021, at 9:00 a.m.** before District Judge Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

Dated: May __12__, 2021                               _____s/Tony N. Leung_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *United States v. Bohlman*
                                                      Case No. 21-cr-30 (DWF/TNL)