UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-030 (DWF/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Jess Robert Bohlman, | |
| Defendant. | |

This matter is before the Court upon Defendant Jess Robert Bohlman's ("Defendant") objections (Doc. No. 48) to Magistrate Judge Tony N. Leung's August 16, 2021 Report and Recommendation (Doc. No. 45 ("Report and Recommendation")) insofar as it recommends that Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (Doc. No. 26) be denied.[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and all submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

---

[1] The Report and Recommendation followed a hearing and post-hearing briefing. (*See* Doc. Nos. 38, 42, 43.)

Defendant argues that Officer Larson ("Larson"), who conducted his traffic stop, lacked probable cause to believe that a traffic violation had occurred.[2] (Doc. No. 42.) He specifically challenges Larson's credibility and inconsistent testimony as to what he saw and when he saw it. (*Id.* at 8 ("Officer Larson is the sole source for probable cause, and yet his testimony is replete with contradictions, ignorance of the law, and inconsistent with the dimensions of the specific intersection in question.").)

In the Report and Recommendation, Magistrate Judge Leung addressed Defendant's arguments, but found credible Officer Larson's testimony that Defendant committed a traffic violation when he failed to signal his left hand turn at least 100 feet before an intersection. (Report and Recommendation at 8.) The Magistrate Judge specifically observed that: (1) Larson was consistent in his testimony that he was one to two car lengths behind Defendant's vehicle when he observed it fail to signal properly; (2) footage from Larson's body worn camera ("BWC") supported his testimony; (3) Defendant's reaction was consistent with Larson's testimony; and (4) no extrinsic evidence, including maps of the intersection, contradicted Larson's testimony. (*Id.* at 8-9.) Because the Magistrate Judge found that Larson's testimony was credible and his belief that Defendant violated a traffic law was objectively reasonable, he determined that Larson had probable cause for the traffic stop and recommended that Defendant's motion be denied. (*Id.* at 9-10.)

---

[2]   Defendant did not challenge the expansion of the stop. (Doc. No. 42.)

Defendant now objects to "certain aspects of how the Magistrate Judge framed and characterized particular factual findings that bear directly on the legal conclusions that ensue." (Doc. No. 48 ("Def. Obj.") at 1.)  Specifically, he contends that the Report and Recommendation "reaches an incorrect legal conclusion due to its misplaced reliance on the BWC as corroborative and an overemphasis on the lack of extrinsic, contradictory evidence." (*Id.* at 6.)  Defendant argues that the Magistrate Judge wrongly discarded other facts, including inconsistencies in Larson's testimony, that show Larson is not credible enough to support a judicial finding that sufficient probable cause existed to perform a Constitutional traffic stop. (*Id.* at 2-6.)

After a careful review of Defendant's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's finding that Larson was sufficiently credible to support a finding that probable cause existed to perform the traffic stop.  The Report and Recommendation makes clear that the Magistrate Judge considered all of the evidence and each argument against Larson's credibility.  (*See* Report and Recommendation at 7-8.)  This Court finds no indication that the analysis was incomplete or inaccurate.[3]  The Magistrate Judge emphasized that Larson was asked

---

[3]   The Court reviewed Larson's BWC.  While Defendant is correct that it was not activated until after the alleged traffic violation, which the Magistrate Judge also noted (Report and Recommendation at 4), the Court agrees with the Magistrate Judge that the BWC corroborates Larson's testimony and supports his overall credibility.  Moreover, while Defendant objects to the Magistrate Judge's characterization of his reaction to the stop, the BWC does not clearly show that he challenged the traffic allegation.  While Defendant may have had strong feelings, the Court finds nothing incorrect about the Magistrate Judge's characterization of his outward actions.

3

about the sequence of events repeatedly under oath and gave a consistent narrative each time. (*Id.* at 8-9.) He also found that the parties' exhibits supported Larson's testimony, and there was no other persuasive reason to doubt him.[4] (*Id.*) This Court agrees. While Defendant would place greater emphasis on certain inconsistencies in Larson's testimony, the Court finds that as a whole, the evidence supports that Officer Larson is sufficiently credible to support a finding that probable cause existed to conduct a Constitutional traffic stop.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.　　Defendant Jess Robert Bohlman's objections (Doc. No. [48]) to Magistrate Judge Tony N. Leung's August 16, 2021 Report and Recommendation are **OVERRULED**.

2.　　Magistrate Judge Tony N. Leung's August 16, 2021 Report and Recommendation (Doc. No. [45]) is **ADOPTED**.

---

[4]　　As discussed above, the Court agrees with the Magistrate Judge that the BWC supports Larson's testimony. The Court also agrees that the maps of the intersection support his testimony as well.

5

3.  Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (Doc. No. [26]) is **DENIED**.

Dated: October 1, 2021            <u>s/Donovan W. Frank</u>
                                  DONOVAN W. FRANK
                                  United States District Judge