UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 21-30 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jess C. Robert Bohlman, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Jess C. Robert Bohlman's *pro se* motions for compassionate release and to appoint counsel. (Doc. Nos. 92, 93, 94.) The United States of America (the "Government") opposes the motions for compassionate release. (Doc. No. 103.) For the reasons set forth below, the Court respectfully denies the motions.

## BACKGROUND

Bohlman pleaded guilty to possession with intent to distribute a controlled substance on December 1, 2021. (Doc. No. 53.) On March 23, 2022, the Court sentenced him to a 128-month prison term to be followed by a five-year term of supervised release. (Doc. No. 74.) Bohlman is currently incarcerated at FCI Milan with an anticipated release date of March 16, 2029. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Sept. 11, 2025).

Bohlman previously moved for compassionate release in August 2023 based on allegations that he was not receiving adequate medical care for his degenerative disk disease. (Doc. No. 81.) The Court denied the motion because Bohlman's medical records reflected that Bohlman had declined the recommended surgery because he wanted to get treatment outside of prison. (Doc. No. 91 at 3.) However, the Court noted that if Bohlman agreed to surgery while incarcerated but the wait times proved to be unreasonable, it would consider a second motion for compassionate release. (*Id.* at 4.) Bohlman now moves for compassionate released based on the same back condition as well as his history of throat cancer, again alleging that he is not receiving adequate care from the BOP. (Doc. Nos. 92, 94.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also

consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Bohlman submitted a request to his warden at some point prior to January 13, 2025. (*See* Doc. No. 92-1 at 10.) Therefore, he exhausted administrative remedies.

Bohlman argues that his medical circumstances constitute extraordinary and compelling reasons under § 1B1.13(b)(1)(C) of the Policy Statement. Under this section, extraordinary and compelling reasons exist when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Although the Government concedes that Bohlman has conditions that require long-term or specialized care, (*see* Doc. No. 103 at 7), Bohlman has not shown that he is not being provided adequate medical care. First, the medical records do not demonstrate that Bohlman requires immediate surgery for his back condition. Instead, they show that

3

the Bureau of Prisons (the "BOP") has been working diligently to care for Bohlman's back pain, including through the use of medication, other therapies, and by getting him a consult with a neurosurgeon on surgery. (*See, e.g.*, Doc. No. 104 at 12-16.) While Bohlman's pain is certainly serious, there is nothing in the record that demonstrates that the BOP is failing to provide care. Second, the records demonstrate that after Bohlman raised concerns about his throat cancer returning, the BOP scheduled a consult with an otolaryngologist. (*See id.*) The otolaryngologist performed tests and concluded that Bohlman's cancer has not returned. (*See id.* at 9.) They also recommended a follow-up visit in one-year, which the BOP promptly scheduled. (*See id.*)

Bohlman mentions other conditions he suffers from briefly in his motion, such as hypertension and hypothyroidism, but does not claim that the BOP is failing to provide adequate medical care for those conditions. (*See* Doc. No. 92 at 1.) He also mentions the difficulties of dealing with his medical conditions during the COVID-19 pandemic but does not seem to request compassionate release based on COVID-19. (*See id.* at 2.) In conclusion, the Court finds that there are no extraordinary and compelling reasons that warrant a reduction in Bohlman's sentence.

Because the Court concludes that Bohlman failed to show an extraordinary and compelling reason for his release, the Court need not address whether he poses a danger to the community or whether the sentencing factors favor his release.

Bohlmann also moves to appoint counsel. (Doc. No. 93.) There is no constitutional or statutory right to counsel in postconviction proceedings seeking a sentence reduction. *See Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *United States v.*

*Meeks*, 971 F.3d 830, 833-34 (8th Cir. 2020). Whether to appoint counsel is left to the discretion of the Court. *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Bohlman has not demonstrated that appointing counsel is warranted at this juncture.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Jess C. Robert Bohlman's *pro se* motions for compassionate release (Doc. Nos. [92], [94]) are **DENIED**.

2. Defendant Jess C. Robert Bohlman's motion to appoint counsel (Doc. No. [93]) is **DENIED**.

Dated: September 15, 2025         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge